Tracy Lynn **KETTERLING**, Respondent,

v.

**AMERICAN STATES INSURANCE COMPANY**, Intervenor, Appellant,

**Spud Bar, Inc.**, Respondent.

**No. C1-87-1116.**

Court of Appeals of Minnesota.

Nov. 17, 1987.

Review Denied Jan. 28, 1988.

Patrick R. Morley, O'Grady, Morley & Morley, Ltd., Grand Forks, N.D., for Tracy Lynn Ketterling.

Daniel J. Crothers, Patricia R. Ellingson, Nilles, Hansen & Davies, Ltd., Fargo, N.D., for American States Insurance Company.

Peter E. Lind, Foster, Waldeck & Lind, Ltd., Minneapolis, for Spud Bar, Inc.

Heard, considered, and decided by FORSBERG, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment denying the insurer's motion for further discovery and hearings, declaring a judgment for the insured satisfied, and granting summary judgment dismissing the insurer's claims against a dram shop. We affirm.

## FACTS

Tracy Ketterling was seriously injured in October 1983 when her automobile was struck by another car. The driver of the other car was intoxicated and had been drinking at The Spud Bar (Spud Bar) prior to the accident. Ketterling sued Spud Bar under Minnesota's dram shop act. Ketterling's insurer, American States Insurance Company (American), paid Ketterling approximately $15,000 in basic economic loss benefits and $60,000 in uninsured motorist benefits.

The trial jury rendered a special verdict for $189,645.48 in Ketterling's favor against Spud Bar. The court granted American's motion to intervene and subsequently issued an order allowing entry of judgment for Ketterling against Spud Bar in the amount of $189,645.48. With pre-judgment interest of $16,782.32 and costs and disbursements of $2,849.10, the final judgment totaled $209,276.90. Spud Bar appealed from the judgment claiming a set-off should be allowed on the verdict amount to prevent a double recovery by Ketterling since American already paid basic economic loss and uninsured motorist benefits.

This court affirmed the trial court's damages award stating that a liquor vendor may not claim a set-off if an insurer has a subrogation interest. *See Ketterling v. The Spud Bar, Inc.,* 398 N.W.2d 599, 601, 602 (Minn.Ct.App.1986). Spud Bar's petition for review to the supreme court was denied on February 18, 1987. However, before the petition for review was denied, Spud Bar and Ketterling entered into a settlement under which Ketterling released her claims against Spud Bar in exchange for a $140,000 payment from Spud Bar and its insurer. The settlement did not purport to fully compensate Ketterling for her injuries. The release stated that the settlement did not include the $75,000 Ketterling already received as no-fault benefits from American. The release further stated:

> [T]he amount of One hundred forty thousand and no/100s ($140,000.00) Dollars, reflects a compromise with the settling party in that the undersigned calculates that the amount she *alone* is due and owing (taking into account the judgment amount, pre and post judgment interest, costs and disbursements) is approximately One hundred forty-five thousand

no/100s ($145,000.00) Dollars; further, the undersigned does state and affirm again that this payment of One hundred forty thousand and no/100s ($140,000.00) Dollars, received by her is not intended to and does not constitute a duplicate recovery by the same relative to the no-fault and uninsured motorist payments already received by her and that said amount follows that certain order for judgment and memorandum of the court dated January 30, 1986, relative to prevention of double recovery by the undersigned and said amount includes part but not all of the undersigned's award of pre-judgment and post-judgment interest and reimbursement of costs and disbursements.

The release document expressly indicated that the agreement was intended only to release Ketterling's claims "and not the subrogation of [American] for no-fault payments * * * and uninsured motorist benefits * * *," and that it was not intended to affect any of American's rights.

In April 1987, Spud Bar moved the court for an order directing entry of satisfaction of judgment under Minn.Stat. § 548.15 and summary judgment dismissing American's subrogation claims against Spud Bar. Ketterling and American argued that the release did not affect American's subrogation interests in the judgment and moved for an order permitting discovery of the circumstances surrounding the execution of the release contending possible misrepresentation or mistake rendered the release rescindable.

Spud Bar's motions for an order directing satisfaction of judgment and dismissing American's claims against Spud Bar were granted. American's and Ketterling's motions were denied. The court concluded:

> By settling the case post-trial, Ketterling has precluded American from sharing in the verdict award. American's only claim now is against Ketterling on grounds of double recovery. The recitation in the January 30, 1987 agreement concerning double recovery is not binding upon American.

On May 4, 1987, Ketterling and American moved the court for an order staying the court's April 16 order "until a separate action avoiding, rescinding or reforming the Release can be brought and resolved." They also moved the court for an order avoiding, rescinding or reforming the release pending further discovery and hearing. American argued that the January 30 release was a *Naig* settlement and that American consequently had a valid subrogation claim against Spud Bar. The court denied the motions for further discovery and hearing, and directed entry of judgment in accordance with its earlier order. The trial court concluded:

> The only claim American States has for reimbursement for uninsured benefits or basic economic loss benefits paid is against Ketterling *if* she obtains a double recovery.

(emphasis in original).

The trial court granted Spud Bar's motions for an order directing entry of satisfaction of Ketterling's judgment and summary judgment dismissing American's claims against Spud Bar. Judgment was entered on May 15, 1987. American appeals from that judgment.

### ISSUES

1. Did the trial court err by concluding the insurer has no valid subrogation claims against the dram shop and dismissing the insurer's subrogation claims?

2. Did the trial court err by denying the insurer's motions for further discovery and hearing on the execution of the insured's settlement and release?

### ANALYSIS

We note initially that American could not assert a subrogation claim against a dram shop under current law because state statute prohibits such claims. See Minn.Stat. §§ 65B.53, subd. 3, 340A.801, subd. 4 (1986). However, since this case was initiated before the current statutory restrictions became effective, American is not legally precluded from asserting its claims.

### 1. Subrogation Claims

 American contends it has a valid subrogation claim against Spud Bar and that the release signed by Ketterling in January 1986 is a *Naig*-type release which does not affect its subrogation claims against Spud Bar. The trial court held that American is precluded from asserting any subrogation claims against Spud Bar and that American's only claims are against its insured Ketterling, but only *if* she realized a double recovery. The trial court was correct.

Insurers may assert subrogation claims to recover payments of basic economic loss and uninsured motorist benefits, but only if the insured has received a double recovery. *See Milbrandt v. American Legion Post of Mora,* 372 N.W.2d 702, 705 (Minn.1985) (footnote omitted) ("a reparation obligor may assert a subrogation claim to recover basic economic loss benefits paid only when the insured has received a double recovery"); *State Farm Mutual Automobile Insurance Co. v. Galloway,* 373 N.W.2d 301, 304 n. 1 (Minn.1985) (an uninsured motorist carrier may assert a subrogation claim, "provided the claimant has first been made whole"). Under the circumstances, the insured Ketterling has not realized a double recovery. Although Ketterling received a total judgment for $209,276 and her judgment was affirmed by this court on appeal, Ketterling, not guaranteed recovery while her judgment was pending further review by the Minnesota Supreme Court, compromised and settled her claim against Spud Bar.

In *Galloway* the supreme court identified three possible ways in which an injured person could pursue a personal injury lawsuit under these circumstances. *See* 373 N.W.2d at 304. The plaintiff in *Galloway* settled with the insured tortfeasors and then asserted a claim for uninsured motorist benefits against her insured because she was not fully compensated. However, she could have just collected uninsured motorist benefits and then continued her tort action as Ketterling did in this case. *See id.* The supreme court ruled in *Galloway* that the plaintiff could effect a *Pierringer* release and settle her case piecemeal, and then proceed against her insurer for uninsured motorist benefits for that portion of her damages attributable to the fault of the uninsured motorist. *See id.* at 305. The supreme court suggested that the insurer's subrogation right must yield to the insurer's "right to control her own causes of action." *Id.*

Although Ketterling did not effect a *Pierringer* release but settled her claims post-verdict, we believe *Galloway* is controlling. Under the terms of the settlement and release agreement, Ketterling settled only her claims against Spud Bar; the agreement purports to exclude that portion of Ketterling's damages which are covered by American's no-fault and uninsured benefits. We also do not believe the fact that Ketterling's settlement was post-verdict, rather than pre-verdict, makes any difference. At the time of the settlement Ketterling still risked losing her judgment and recovery against the tortfeasors because the supreme court had not yet denied the petition for review of her case. In compromising her claims and accepting settlement she realized less than full compensation. She realizes full recovery only because she also received basic economic loss and uninsured motorist benefits from her own insurer. Accordingly, we conclude the trial court did not err by granting a summary judgment dismissing American's claims against Spud Bar.

### 2. Denial of Further Discovery and Hearing

 In addition to dismissing American's subrogation claims against Spud Bar, the trial court also granted summary judgment on Ketterling's and American's motions for discovery and further hearings. American asserts that if the settlement and release extinguishes its subrogation claims, the trial court should have allowed further discovery and hearings on the circumstances surrounding the execution of the release because American claims the parties to the release did not intend the release to affect American's interests. The trial court granted summary judgment on the motions for further discovery and hearings on the release because it determined the release

and the reasons for the release were immaterial inasmuch as it concluded American could not assert subrogation claims against Spud Bar. Since Ketterling did not realize a double recovery, American has no subrogation claims. Consequently, there is no need for further discovery or hearings on the execution of the release.

### DECISION

The trial court did not err by dismissing the appellant's subrogation claims against the respondent or by denying the appellant's request for further discovery or hearings.

Affirmed.